The opinion of the court was delivered by
Bermudez, C. J.
This is an application for a certiorari.
*1090 The relator complains that the respondent judge has refused to order the Criminal Sheriff to allow certain parties named, a detective and a newspaper reporter, to visit him for the purpose of assisting him in preparing his defence against a criminal prosecution for a grave offence, and he claims that the privilege asked, ought to have been allowed.
The District Judge returns, laboring to justify his refusal.
It appears that the relator has applied to the District Judge, stating his grievance and alleged rights at length, for a mandamus on the Criminal Sheriff, commanding him to allow certain persons to communicate with him, in order to assist him in the preparation of his defence; that the sheriff has answered, claiming that he had, in such matters, a discretion which the court could not control, and that the judge sustained this defence.
The object of the present proceeding is obviously to have this court to review the ruling of the District Judge, and to decide that the relator is entitled to the privileges which he asserts.
If the District Judge has erred, his error is not revisable in the present proceeding.
The functions of a certiorari are simply to ascertain the validity of proceedings before a court of justice, either on the charge of their invalidity, because the essential forms of the law have not been observed, or on that, of the want of jurisdiction in the court entertaining them.
It has never been to inquire into the correctness of the judgment rendered where the forms of the law have been followed, and where the court had jurisdiction, and was therefore competent. '
Hence, it has been held, that the supervisory jurisdiction of this court, under a certiorari, must be restricted to an examination into the external validity of the proceedings held in the lower court. It can not be exercised to review the judgment as to its intrinsic correctness, either on the law, or on the facts of the ease. The supervisory powers of the court must not be confounded with its appellate jurisdiction. State ex rel. Valeton vs. Skinner, 33 An. 257; State ex rel. Gooch vs. Justice, 38 An. 968; State ex rel. Broussard vs. Justice, 39 An. 776; also, State ex rel. Unbehagen vs. Justice, 34 An. 365; 41 An. 179, 557.
In the case referred to, the District Court had jurisdiction and the proceedings are regular on their face.
*1091 If the relator has the rights which he asserts, and, if by the refusal of the District Judge to recognize and enforce them, he is prevented from preparing his defence, and the matter is properly presented in the prosecution proceedings, the same may be inquired into on an appeal and justice can then be done.
For the time being, the court is impotent to afford the relief asked.
It is therefore ordered that the restraining decree herein made be rescinded and that the application be dismissed with costs.